UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Restrepo,

Petitioner,

-against-

Acting Field Office Director of New York Immigration and Customs Enforcement,

Respondent.

26-cv-6910 (ALC)

ORDER FOR APPEARANCE OF PRO BONO COUNSEL AND ORDER TO PRESERVE JURISDICTION

Andrew L. Carter, Jr., United States District Judge:

**Appointing Pro Bono Counsel**

On August 13, 2026., Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, by Geraldin Tatiana Quintero Villarejo, next friend, while Petitioner was present in the Southern District of New York.

The Court finds that the appointment of pro bono counsel is appropriate in this case. In making this finding, the Court has considered the factors set forth in *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986), which include: "(1) whether the party's claim has substantial merit; (2) whether the nature of the factual issues requires an investigation, and whether the party's ability to investigate is inhibited; (3) whether the claim's factual issues turn on credibility, which benefits from the skills of those trained in presentation of evidence and cross examination; (4) the party's overall ability to present its case; and (5) whether the legal issues presented are complex." *Garcia v. USICE (Dept. of Homeland Sec.)*, 669 F.3d 91, 98-99 (2d Cir. 2011).

The Court finds that the *Hodge* factors weigh in favor of seeking pro bono counsel for Petitioner. In particular, the location of Petitioner's detention, both currently and at the time the petition was filed, presents complex jurisdictional and other legal questions. Moreover, Petitioner's abilities to present his case and conduct any related fact investigation are significantly limited due to

his incarceration and the emergency nature of his/her petition. Thus, in this case, representation would "lead to a quicker and more just result by sharpening the issues[.]" *Hodge*, 802 F.2d at 61.

Accordingly, the Court directs the Clerk of Court to attempt to locate pro bono counsel to represent Petitioner in this case. It should be noted that the Court does not have the authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant pro bono. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301 (1989). There is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Petitioner should be prepared to proceed with the case *pro se*. If an attorney volunteers, the attorney will contact Petitioner, or her next friend, directly.

If Petitioner has already successfully secured counsel on his/her own, or otherwise does not wish the Court to seek volunteers for pro bono counsel, he should inform the Court as soon as possible.

The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

For the foregoing reasons, the Court directs the Clerk of Court to attempt to locate pro bono counsel to represent Petitioner in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**IFP**

To proceed with a petition for a writ of habeas corpus in this court, a $5.00 filing fee must be paid or, to request authorization to proceed in forma pauperis ("IFP"), a completed and signed IFP application must be filed. *See* 28 U.S.C. §§ 1914, 1915. At the time of filing, neither Petitioner nor

next friend filed an IFP application or paid the $5.00 fee.

Accordingly, within 30 days of the date of this order, Petitioner or next friend must pay the $5.00 filing fee or submit a completed and signed IFP application. If an IFP application is filed, it should be labeled with docket number 26-cv-6910 (ALC). If the Court grants the IFP application, this action will proceed without the prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

If Petitioner or next friend fails to comply with this order within the time allowed, and does not request additional time to respond, the Court will dismiss this action.

**Preserving Jurisdiction and Providing Background**

Petitioner has filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Court, having examined the Petition, determines that an immediate order is necessary to preserve the Courts jurisdiction. Accordingly, in order to preserve the Courts jurisdiction pending a ruling on the Petition, Petitioner shall not be removed from the United States absent further order of this Court. *See, e.g., Khalil v. Joyce*, No. 25-CV-1935, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g., Du v. United States Dept of Homeland Sec.*, No. 25-CV-0644, 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ([A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the courts jurisdiction over a case or cases.). Moreover, in light of Petitioners interests in participating in further proceedings before this Court and to facilitate resolution of the Petition, Respondents shall not transfer Petitioner except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g., Perez y Perez v. Noem*, No. 25-CV-4828, 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a habeas petitioners transfer pending adjudication of his petition); *see also, e.g., Arostegui-Maldonado v.*

*Baltazar*, No. 25-CV-2205, 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-7117, 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

By August 14, 2026, the Government is ORDERED to provide information regarding where the Petitioner is being detained and under what basis he is being detained.

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this Order has been issued at the following email address: jeffrey.oestericher@usdoj.gov.

The Court directs the Clerk of Court to mail a copy of this order to Petitioner at the address listed on the docket sheet for this action.

SO ORDERED.

Dated: August 13, 2026
New York, New York

Andrew L. Carter, Jr.
United States District Judge